UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| RANDOLPH CARSON, | |
| Petitioner | Civil Action No. 17-6537(RMB) |
| v. | **OPINION ON MOTION TO SEAL** |
| NEW JERSEY STATE PRISON, *et al.*, | |
| Respondents | |

**BUMB**, District Judge

This matter comes before the Court upon Respondents' second motion for extension of time to answer (ECF No. 7) and Respondents' motion to seal proceedings in this matter. (ECF No. 10.) For the reasons discussed below, Respondents' second motion for an extension of time to answer is moot, and Respondent's motion to seal proceedings in this matter will be denied without prejudice.

I. BACKGROUND

On August 25, 2017, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his state court conviction and sentence. (Pet., ECF No. 1.) This Court ordered Respondents to file an answer and then granted an extension of time. (Order, ECF No. 2.) Respondents filed their answer on March 16, 2018, while their second motion for an extension of time was

pending. (Answer, ECF No. 8.) Respondents' second motion for an extension of time to answer is moot.

On March 21, 2018, Respondents filed a motion to seal proceedings in this matter. (Mot. to Seal Proceedings, ECF No. 10.) John J. Santoliquido, Assistant Prosecutor in the Atlantic County Prosecutor's Office, filed a Certification in Support of Motion to Seal Proceedings ("Santoliquido Cert.," ECF No. 10-1.) Mr. Santoliquido certified that Petitioner is confined pursuant to a state court judgment of conviction for rape and other sexual offenses against children. (Id., ¶3.) The state court record is replete with names of two child victims, graphic details of the offenses, and injuries suffered by the victims and their families. (Id., ¶4.) Petitioner's direct appeal of his judgment of conviction was impounded by the Superior Court of New Jersey, Appellate Division.) (Id., ¶5; Answer, Ex. 18, ECF No. 8-19.)

Respondents request entry of an order sealing the proceedings in this matter pursuant to Local Civil Rule 5.3(c) because public disclosure of the identities of the victims and the offenses committed against them would risk humiliation to the victims and their families. (Santoliquido Cert., ECF No. 10-1, ¶6.) Respondents assert redaction of the record would not be feasible because the victims' identities and graphic details of the crimes appear throughout the record and redaction would impair the

intelligibility of the record. (Id.) The motion to seal is unopposed.

II. DISCUSSION

There is a common law right of public access to judicial records, although the right is not absolute. In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001).

> In order to override the common law right of access, the party seeking the closure of a hearing or the sealing of part of the judicial record "bears the burden of showing that the material is the kind of information that courts will protect" and that "disclosure will work a clearly defined and serious injury to the party seeking closure." *Miller [v. Indiana Hosp.*], 16 F.3d [549,] 551 [3d Cir. 1994] (citing *Publicker [Indus., Inc. v. Cohen*], 733 F.2d [1059,] 1071 [3d Cir. 1984]). In delineating the injury to be prevented, specificity is essential. *See Publicker*, 733 F.2d at 1071. Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient. As is often the case when there are conflicting interests, a balancing process is contemplated. "[T]he strong common law presumption of access must be balanced against the factors militating against access. The burden is on the party who seeks to overcome the presumption of access to show that the interest in secrecy outweighs the presumption." *Leucadia, [Inc. v. Applied Extrusion Technologies, Inc.*,] 998 F.2d [157,] 165 [3d Cir. 1993] (quoting *Bank of Am. Nat'l Trust and Sav. Ass'n v. Hotel Rittenhouse Assoc.*, 800 F.2d 339, 344 (3d Cir.1986)).

Id. "A party who seeks to seal an *entire* record faces an even heavier burden." *Jankowski v. Extendicare Homes, Inc.*, 436 F. App'x

3

66, 67 (3d Cir. 2011) (quoting *Miller*, 16 F.3d at 551) (emphasis in original).

Local Civil Rule 5.3(c)(3) provides that a party seeking to seal or restrict public access must include with any motion papers an affidavit, declaration or certification, describing with particularity:

> (a) the nature of the materials or proceedings at issue;
>
> (b) the legitimate private or public interest which warrant the relief sought;
>
> (c) the clearly defined and serious injury that would result if the relief sought is not granted;
>
> (d) why a less restrictive alternative to the relief sought is not available;
>
> (e) any prior order sealing the same materials in the pending action; and
>
> (f) the identity of any party or nonparty known to be objecting to the sealing request.

The nature of the materials Respondents seek to seal is this entire habeas proceeding under 28 U.S.C. § 2254, including the state court record of Petitioner's conviction for sexual offenses against children.

The minor victims have a private interest in protecting against public disclosure of the sexual offenses committed against them because disclosure may cause further emotional trauma. See <u>Globe Newspaper Co. v. Superior Court for Norfolk County</u>, 457 U.S.

4

596, 607 (1982) (the "interest [in] safeguarding the physical and psychological well-being of a minor is a compelling one.") The public also has an interest in protecting the privacy of minor crime victims.[1]

---

[1] See N.J.S.A. 2A:82-46(a), (b) provides:

> Disclosure of identity of victims of certain crimes under age 18 prohibited.
>
> a. In prosecutions for aggravated sexual assault, sexual assault, aggravated criminal sexual contact, criminal sexual contact, human trafficking involving sexual activity … the name, address, and identity of a victim who was under the age of 18 at the time of the alleged commission of an offense shall not appear on the indictment, complaint, or any other public record as defined in P.L.1963, c. 73 (C.47:1A-1 et seq.). In its place initials or a fictitious name shall appear.
>
> b. Any report, statement, photograph, court document, indictment, complaint or any other public record which states the name, address and identity of a victim shall be confidential and unavailable to the public. Unless authorized pursuant to subsection c. of this section, any person who purposefully discloses, releases or otherwise makes available to the public any of the above-listed documents which contain the name, address and identity of a victim who was under the age of 18 at the time of the alleged commission of an offense enumerated in subsection a. of this section shall be guilty of a disorderly persons offense.

The injury that is likely to result from public disclosure of identifying information is emotional trauma to the child victims. The public interest in victims coming forward to assist in prosecution of crime is likely to suffer if victims' privacy rights are not protected. See Crime Victim's Bill of Rights, N.J.S.A. § 52:4B-35 (legislative findings and declarations). Protecting these interests weighs in favor of the public's interest in access to court records.

The Court finds, however, that an alternative to sealing this entire proceeding by sealing only the exhibits that contain the victims' names and other identifying information, such as addresses and names of family members, will adequately protect the public and private interests at stake. Neither the petition nor the answer identifies the names of the victims or other identifying information concerning the victims in this case.

A cursory review of the exhibits to Respondents' Answer (ECF Nos. 8-1 through 8-27) reveals that many of the exhibits do not contain victim identifying information. Therefore, the Court will deny Respondents' motion to seal the proceeding without prejudice. Respondents may file a renewed motion to seal, identifying those exhibits containing victim identifying information, within fourteen days of the date of this Order. The Court will maintain a temporary seal over all exhibits to Respondents' Answer.

III. CONCLUSION

In the accompanying Order filed herewith, Respondents' motion to seal proceedings is denied without prejudice.

s/Renée Marie Bumb<br>
**RENÉE MARIE BUMB**<br>
**United States District Judge**

Dated: September 10, 2018