UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | : | |
|---|---|---|
| RANDOLPH CARSON, | : | |
| | : | Civil Action No. 17-6537(RMB) |
| Petitioner | : | |
| | : | |
| v. | : | **OPINION ON AMENDED MOTION** |
| | : | **TO SEAL** |
| | : | |
| NEW JERSEY STATE PRISON, | : | |
| *et al.*, | : | |
| | : | |
| Respondents | : | |
| | : | |

**BUMB**, District Judge

This matter comes before the Court upon Respondents' amended motion to seal. (ECF No. 13.) For the reasons discussed below, Respondents' amended motion to seal will be granted.

I.  BACKGROUND

On August 25, 2017, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his state court conviction and sentence. (Pet., ECF No. 1.) Respondents filed their answer on March 16, 2018. (Answer, ECF No. 8.) On March 21, 2018, Respondents filed a motion to seal proceedings in this matter. (Mot. to Seal Proceedings, ECF No. 10.) John J. Santoliquido, Assistant Prosecutor in the Atlantic County Prosecutor's Office, filed a Certification in Support of Motion to Seal Proceedings

("Santoliquido Cert.," ECF No. 10-1.) Mr. Santoliquido certified that Petitioner is confined pursuant to a state court judgment of conviction for rape and other sexual offenses against children. (Id., ¶3.) The state court record is replete with names of two child victims, graphic details of the offenses, and injuries suffered by the victims and their families. (Id., ¶4.) Petitioner's direct appeal of his judgment of conviction was impounded by the Superior Court of New Jersey, Appellate Division.) (Id., ¶5; Answer, Ex. 18, ECF No. 8-19.)

Respondents requested entry of an order sealing the proceedings in this matter pursuant to Local Civil Rule 5.3(c) because public disclosure of the identities of the victims and the offenses committed against them would risk humiliation to the victims and their families. (Santoliquido Cert., ECF No. 10-1, ¶6.) Respondents asserted redaction of the record would not be feasible because the victims' identities and graphic details of the crimes appear throughout the record and redaction would impair the intelligibility of the record. (Id.) The motion to seal was unopposed.

On September 10, 2018, this Court denied without prejudice Respondents' motion to seal, finding it unnecessary to seal the entire proceeding because not all documents filed in this action contain victim identifying information. (Opinion and Order, ECF

2

Nos. 11, 12.) Respondents filed an amended motion to seal certain exhibits[1] to Respondents' Answer. (Am. Mot. to Seal, ECF No. 13.)

II. DISCUSSION

Local Civil Rule 5.3(c)(3) provides that a party seeking to seal or restrict public access must include with any motion papers an affidavit, declaration or certification, describing with particularity:

> (a) the nature of the materials or proceedings at issue;
>
> (b) the legitimate private or public interest which warrant the relief sought;
>
> (c) the clearly defined and serious injury that would result if the relief sought is not granted;
>
> (d) why a less restrictive alternative to the relief sought is not available;
>
> (e) any prior order sealing the same materials in the pending action; and
>
> (f) the identity of any party or nonparty known to be objecting to the sealing request.

The nature of the materials that Respondents seek to seal are state court records from the underlying criminal action, which contain victim identifying information. (Certification of John J. Santoliquido, ECF No. 13-1, ¶¶3, 4.) The minor victims have a

---

[1] Respondents request to seal Exhibits 6, 7, 8, 9, 10, 11, 24 and 27 to Respondents' Answer. (ECF Nos. 8-7, 8-8, 8-9, 8-10, 8-11, 8-12, 8-25 and 8-28.)

private interest in protecting against public disclosure of the sexual offenses committed against them because disclosure may cause further emotional trauma. See Globe Newspaper Co. v. Superior Court for Norfolk County, 457 U.S. 596, 607 (1982) (the "interest [in] safeguarding the physical and psychological well-being of a minor is a compelling one.") The public also has an interest in protecting the privacy of minor crime victims.[2]

---

[2] See N.J.S.A. 2A:82-46(a), (b) provides:

> Disclosure of identity of victims of certain crimes under age 18 prohibited.
>
> a. In prosecutions for aggravated sexual assault, sexual assault, aggravated criminal sexual contact, criminal sexual contact, human trafficking involving sexual activity … the name, address, and identity of a victim who was under the age of 18 at the time of the alleged commission of an offense shall not appear on the indictment, complaint, or any other public record as defined in P.L.1963, c. 73 (C.47:1A-1 et seq.). In its place initials or a fictitious name shall appear.
>
> b. Any report, statement, photograph, court document, indictment, complaint or any other public record which states the name, address and identity of a victim shall be confidential and unavailable to the public. Unless authorized pursuant to subsection c. of this section, any person who purposefully discloses, releases or otherwise makes available to the public any of the above-listed documents which contain the name, address and identity of a victim who was under the age of 18 at the time of the alleged commission of an offense enumerated in subsection a. of this section shall be guilty of a disorderly persons offense.

4

The injury that is likely to result from public disclosure of identifying information is emotional trauma to the child victims. The public interest in victims coming forward to assist in prosecution of crime is likely to suffer if victims' privacy rights are not protected. See Crime Victim's Bill of Rights, N.J.S.A. § 52:4B-35 (legislative findings and declarations). Sealing the documents filed in this action that are replete with victim identifying information is the least restrictive means available to protect the public and private interests at stake. The interests protected by sealing these documents outweigh the public interest in access to court records.

III. CONCLUSION

In the accompanying Order filed herewith, Respondents' amended motion to seal will be granted.

Dated: September 21, 2018

                                            s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**